### *McDONOUGH vs. DUPLANTIER.*

The parish court is the only competent tribunal to issue orders of seizure and sale, for the payment of repairs done upon roads and levees.

Their power in this respect, under the act of 1807, is not affected by the enactments of the Code of Practice, limiting their jurisdiction to cases not exceeding three hundred dollars.

APPEAL from the court of the third district, the judge of the second presiding.

The defendant, as overseer of the roads, obtained from the district court an order of seiz-

McDONOUGH
*vs.*
DUPLANTIER.

ure and sale against the land of the plaintiff, alleging in his petition, that the plaintiff had failed and neglected to make the necessary repairs to his levees.    That the defendant and other planters, did the work by requisition, and that the same amounted to one thousand and twenty-one dollars.

The plaintiff arrested the sale by an injunction, and on the trial of the cause, he filed an additional plea, alleging that the order of seizure and sale was improperly granted by the district court.    That exclusive jurisdiction was by law given to the parish judge, to issue orders of seizure, in all cases for the sale of lands, for the payment of repairs done upon the roads and levees.

On this ground, the injunction was made perpetual, and the defendant appealed.

*Watts*, for appellant.

The district court erred, in dismissing the original seizure for want of jurisdiction to issue it; it was irregularly done upon motion, instead of by action of nullity or appeal; acts of 1828, p. 128, give the action *as upon* executory process.    C. P. 734—5. 6. 63.

The district court had jurisdiction to issue the original order of seizure and sale; the acts

of 1828 says an action before a competent court; the competence of the court or judge is explained. C. P. art. 87. 88. 89. 90.

The jurisdiction of parish courts is limited to three hundred dollars. What court, but a district court, could issue a *quasi* executory process, for one thousand and twenty-one dollars, the amount claimed? But as regards a parish judge, the district court is competent for any sum, because the parish judge cannot issue against himself.

MARTIN, J. delivered the opinion of the court. The petitioner procured an injunction, to stay proceedings on a writ of seizure and sale, obtained by the defendant, as overseer of the roads, against a tract of land of the petitioner, for the payment of sundry repairs made to his levee, in consequence of his neglect to have them done, according to the regulations of the police jury. The injunction was made perpetual, on the ground that the writ of seizure and sale having issued out of the district court, while the law authorized the parish judge alone to issue it. The defendant appealed.

By the act of 1807, 1 *Moreau's Digest*, 650. the parish judge is authorized to compel pay-

McDonough
*vs.*
Duplantier.

ment, in a case like the present, by seizure and sale of the land.

By the *Code of Practice,* the jurisdiction of parish courts is stated to extend to all cases, in which the matter in dispute exceeds in value the sum of three hundred dollars.

By the act of 1828, p. 128, overseers of the roads, in a case like the present, may obtain a writ of seizure and sale, from a *competent* judge, and district judges are authorised to issue the writ, when required, against a parish judge.

By a late act in 1829, posterior to the issuing of the writ in this case, parish judges are authorized to issue similar writs against defaulting planters.

As the writ of seizure and sale, against the petitioner, was for a sum of upwards of a thousand dollars, the appellant's counsel has urged, the parish judge was not the *competent* judge, spoken of in the act of 1828, as the *Code of Practice,* by limiting the jurisdiction of parish courts to the sum of three hundred dollars, repealed so far the act of 1828, and there the *competent* judge was that of the district.

The appellee's counsel has urged, that the special provision of the act of 1807 was not

repeated by the *Code of Practice's* general provision; that the latter code has no negative expressions.

We think the authority given by the act of 1807, to enter into contracts for works to be done on levees, and issue writs of seizure and sale, to compel payment from defaulting planters, is personal to the judge, and to be exercised *out* of court. Hence we conclude, it is not affected by the restriction of the jurisdiction of parish courts, by the *Code of Practice*.

If the authority, in case of works of more than three hundred dollars in value, was taken by the code from the parish judge, it was not placed elsewhere, and must have ceased to exist any where  But the legislature, in the act of 1828, contemplated the authority as still existing, for it authorizes overseers of roads to obtain the writs of seizure from the *competent* authority, and this competent authority must be the *parish*, not the district judge, to whom it never was given, and to whom it was then given in *particular* cases, viz. against defaulting *parish* judges; which raises a very strong presumption, they had not in *other* cases.

Eastern District.
*April*, 1830.

McDONOUGH
*vs.*
DUPLANTIER.

The parish court is the only competent tribunal to issue orders of seizure and sale for the payment of repairs done upon roads and levees Their power in this regard under the act of 1807, is not affected by the enactments of the Code of Practice limiting their jurisdiction to cases not exceeding three hundred dollars.

The act of 1829, appears to us a mere declaratory act, intended to remove every possible doubt.

We conclude, that the writ of seizure and sale was, in the present case, improperly issued by the district judge, and the injunction was therefore properly granted, and made perpetual.

It is therefore ordered adjudged and decreed, that the judgment of the district court be affirmed with costs.